UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AUDREY M. MURPHY )
5722 Moonbeam Drive )
Woodbridge, Virginia 22193 )
    Plaintiff, )
v. ) Civil Action # _____
 )
SID TOOL CO., INC., trading as )
MSC INDUSTRIAL SUPPLY CO. )
525 Harbour Place Drive )
Davidson, North Carolina 28036 )
    Defendant, )
Serve: )
CORPORATION SERVICE COMPANY )
100 Shockoe Slip Fl 2 )
Richmond, VA, 23219 - 4100, USA )
    Registered Agent )

## Complaint

Plaintiff Audrey Murphy, through her undersigned attorney and with knowledge as to herself and upon information and belief as to all else, complains against Defendant MSC Industrial Supply Co. as follows:

### JURISDICTION

1. This Complaint arises under federal law, to wit: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et.seq.* (Count One – Sex Discrimination in Employment) and (Count Two - Retaliation).

2. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

3.  The Plaintiff resides and the Defendant transacts business in this judicial district. All of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4.  MSC was Murphy's employer within the meaning of Title VII of the Civil Rights Act of 1964.

5.  Murphy is a member of a protected class on account of her sex (female).

6.  On January 26, 2020 Murphy submitted a charge of discrimination to the EEOC, including a detailed supporting Declaration, signed under penalty of perjury,

7.  Plaintiff both emailed and used the official EEOC portal to communicate with the EEOC. Upon filing in the EEOC portal, Plaintiff received a response indicating that her charge was untimely as it was made more than 180 days of the events complained of.

8.  In Virginia, a Plaintiff has 300 days to file a charge of discrimination.

9.  The events complained of herein culminated in Plaintiff's termination from employment on May 2, 2019. Murphy's charge of discrimination on January 26, 2020 was submitted to the EEOC 238 days from the termination of her employment. The EEOC acknowledges receiving Murphy's materials in January, 2020.

10. After several requests to finalize her charge, the EEOC ultimately recorded Murphy's charge as filed on March 9, 2020 (312 days from her termination). The facts in Plaintiff's January submission to the EEOC correspond to the facts set forth in this Complaint.

11. The EEOC issued a Right to Sue notice on September 1, 2020 and dismissed the charge as not timely filed. This action followed.

## ALLEGATIONS OF FACT

12. Murphy worked for MSC Industrial Supply Co. between 4/13/15 and 5/2/19 at a Serv-Mart Store in Quantico, Virginia. Murphy worked in both the retail and warehouse sections of the store.

13. MSC Industrial Supply Co. is a large scale supplier of safety, construction and other industrial supplies, and does business as a contractor with the GSA.

14. In her job, Murphy had daily interaction with employees from Office Depot, DOD and GSA, as well as other customers and MSC employees on the same premises.

15. From the start of her employment, Murphy was subjected to a hostile environment based upon her gender. At the MSC workplace in Quantico, abusive comments were openly made to Murphy on virtually a daily basis by the DOD, GSA and MSC employees.

16. Beginning early in her employment Murphy was told by a DOD employee that she smelled like a "French whore." This comment was picked up by others who also began referring to her with the same remark. This nickname for Murphy endured for months.

17. In addition, the phrase: "shut the fuck up and die, blondie" became a popular way of ending conversations with Murphy at her workplace. "Dumb Blondie" became a frequent way to address Murphy.

18. MSC's working environment was saturated with obscene language with heavy sexual overtones. MSC knew of, and tolerated, discussions of sexual exploits and bragging about the size of one's private parts as a routine course of conversation in the workplace.

19. Murphy complained about the sexual harassment and hostile environment to MSC managers and human resources many times throughout her employment, beginning shortly after she started working at the Quantico ServMart Store and continuing through the end of her employment.

20. Murphy made numerous complaints, both by telephone and in person, to Managers Lisa Ankney, Tyler Jenkins, Nina Maxberry, and to MSC's Human Resources department. Murphy reported the insulting and degrading comments made directly to her as well as the rank and sexually explicit hostile environment in the store.

21. MSC took no action whatsoever in response to these complaints. Instead Murphy was advised to "play nice" and that "we need to make them happy." Murphy was consistently discouraged from bringing any complaints about the work environment to management or to human resources.

22. On or about April 30, 2019, Murphy was summoned to a meeting with Ms. Ankney. In this meeting, Ms. Ankney asked about two minor infractions. The infractions were identical to conduct routinely tolerated without discipline and frequently committed by the male employees.

23. On May 1, 2019 Murphy received an email from Robin Stegall, MSC's HR Business Partner in charge of field sales and support for MSC's government accounts. By email, Ms. Stegall posed several questions about the two minor infractions mentioned above, which Murphy answered the same day.

24. On May 2, 2019 Murphy's supervisor and Ms. Ankney called her to the back of the store and said they were letting her go. Neither the supervisor nor Ms. Ankney gave any reason the termination or connected the termination to the minor infractions.

25. Murphy was singled out for termination when common practice as applied to the male employees was to accept minor and more serious infractions from the male employees without notice or discipline. MSC's workplace atmosphere was very lax generally as concerns minor misdeeds committed by male employees.

26. Murphy suffered and continues to suffer severe psychological distress and other damages as a result of MSC's failure to remedy the sexual harassment and hostile environment Murphy endured during her employment.

## COUNT ONE: DISCRIMINATION IN EMPLOYMENT
### Sex Harassment and Hostile Environment

27. The allegations of the preceding paragraphs are incorporated by reference as if fully restated.

28. The work environment MSC tolerated and maintained was so toxic that it substantially interfered with Murphy's ability to do her job and became a term and condition of her employment.

29. The conduct and comments complained of were directed to Murphy on account of her sex, and otherwise created an intolerable and abusive working environment.

30. MSC took no action whatsoever in response to Murphy's numerous complaints regarding the hostile environment and discouraged her from making such complaints.

31. MSC negligently ratified the harassment directed at Plaintiff, and which otherwise existing in their workplace.

32. As a result of Defendant's conduct, Murphy suffered, and continues to suffer severe emotional distress, lost wages and other damages.

33. Defendant knew or should have known that failure to take any action in response to Plaintiff's complaints was contrary to law. Defendant willfully ignored Murphy's pleas for help.

34. Murphy seeks equitable relief, recovery of her financial damages; and compensatory and punitive damages.

### COUNT TWO: RETALIATION IN VIOLATION OF TITLE VII

35. The allegations of the preceding paragraphs are incorporated by reference as if fully restated.

36. Defendants intentionally, recklessly and maliciously retaliated against Audrey Murphy because of her complaints about discrimination by terminating her employment.

37. MSC terminated Murphy's employment in violation of Title VII of the Civil Rights Act of 1964, as amended.

38. As a direct and proximate result of the Defendant's conduct, Murphy suffered, and continues to suffer lost income, severe emotional distress, physical symptoms of emotional distress, humiliation, insult, mental anguish; and past and future economic losses.

39. Murphy seeks equitable relief, recovery of her financial damages; and compensatory and punitive damages.

WHEREFORE, in consideration of the foregoing, Plaintiff Audrey Murphy, by counsel prays for entry of judgment against MSC; for an award of her damages for lost wages and benefits of employment, both past and into the future; for reinstatement of

employment or front-pay in lieu thereof; for compensatory damages for emotional distress and injury; for punitive damages on account of Defendant's willful and wanton conduct; for declaratory and injunctive relief; for pre-judgment interest; for attorney's fees, costs of litigation including expert fees; and for any other relief to which she may be entitled.

## JURY DEMAND

AUDREY MURPHY demands a trial by jury.

RESPECTFULLY SUBMITTED

Audrey Murphy
By Counsel

_____
Annette Kay Rubin
VSB # 34677
Post Office Box 765
Leesburg, Virginia  20178
(703) 777-0034 (voice/text)
akr@annetterubin.com

Counsel for Audrey Murphy